15 CV 1342

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------×

JENNIFER BURGOS,

               *Plaintiff,*                            **15 Civ.**

         *v.*           JUDGE KOELTL

                                       **COMPLAINT**

24 SEVEN, INC.,

               *Defendant.*

------------------------------------------------------------×

       Plaintiff Jennifer Burgos, by counsel, The Harman Firm, PC, alleges for her complaint against Defendant 24 Seven, Inc., as follows:

## PRELIMINARY STATEMENT

       1.     In this employment discrimination action, Plaintiff Jennifer Burgos ("Plaintiff" or "Ms. Burgos") seeks damages and costs against Defendant 24 Seven, Inc. ("Defendant" or "24 Seven") for pregnancy discrimination. This matter arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the New York City Human Rights Law ("NYCHRL"), codified at N.Y.C. ADMIN. CODE §§ 8-101, *et seq.*

## JURISDICTION AND VENUE

       2.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims as Defendant violated Plaintiff's rights under Title VII, codified at 42 U.S.C. §§ 2000e, *et seq.*

       3.     Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's claims brought under NYCHRL.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claim occurred within this District.

5.      All conditions precedent to maintaining this action have been fulfilled.  A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"). The EEOC issued a Notice of Right-to-Sue Letter dated January 6, 2015 relating to the discriminatory acts described in this Complaint.  This action was properly initiated within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

6.      Plaintiff respectfully requests a trial before a jury.

## PARTIES

7.      Plaintiff Jennifer Burgos worked for Defendant 24 Seven at all times relevant hereto, and was and is a resident of New York County, New York.

8.      Upon information and belief, Defendant 24 Seven is domestic corporation with a principal place of business located at 120 Wooster Street, New York, New York, 10012.

## STATEMENT OF FACTS

9.      On or about August 10, 2010, Defendant hired Ms. Burgos to work as an administrative assistant.

10.     Ms. Burgos was an exemplary employee; she never received any complaints or write-ups concerning her performance in any capacity, and got along well with her co-workers and superiors.  She loved her job and referred her friends for any open positions at 24 Seven. Defendant's attitude toward, and treatment of, Ms. Burgos changed dramatically after she became pregnant.

11.     Defendant's director of human resources, Elite Shapir, supervised Ms. Burgos at the workplace.

12.     On or about October 8, 2014, Ms. Burgos felt ill and was admitted to the Emergency Room at New York Presbyterian Hospital.  She called Ms. Shapir informing her that she would not be able to come to work that day.

13.     At the hospital, Ms. Burgos learned she was pregnant.

14.     On or about October 9, 2014, Ms. Burgos was discharged from the hospital.  She emailed Ms. Shapir her hospital-provided documents, including a letter from the attending physician stating that she was pregnant.  At this time, Ms. Burgos informed Ms. Shapir that she would return to work on or about October 13, 2014.

15.     On or about October 13, Ms. Shapir told her not to return to work without a letter from her doctor clearing Ms. Burgos to work.

16.     Ms. Shapir stated that Defendant would not pay Ms. Burgos until Ms. Shapir received a letter specifically stating that Ms. Burgos was able to work.

17.     On or about October 14, 2014, Ms. Burgos went to New York Presbyterian's clinic center to see a doctor in the hope of receiving the doctor's letter that Defendant requested. At New York Presbyterian's clinic, a clinic doctor saw Ms. Burgos and provided a letter for her employer stating that she saw a doctor.  Ms. Burgos sent this letter to Ms. Shapir explaining that New York Presbyterian could not give Ms. Burgos a doctor's letter to Ms. Shapir's specifications because, according to the clinic doctor, only Ms. Burgos' gynecologist could write such a letter and her gynecologist could not see her until November 18, 2014.

18.     Shortly after, Ms. Shapir told Ms. Burgos that she would review the clinic doctor's letter and alert her as to when she could come back to work.

19.    On or about October 17, 2014, Defendant's operations manager, Amber Anderson, sent Ms. Burgos an email saying that she could return to work on October 20, 2014.

20.    On or about October 20, 2014, when Ms. Burgos reported for work, she was immediately told that she needed to meet with Ms. Shapir and Ms. Anderson.

21.    During the meeting, Ms. Shapir and Ms. Anderson told Ms. Burgos that she had only two (2) options: Ms. Burgos could provide a letter from her gynecologist stating that she was able to return to work—which Ms. Shapir and Ms. Anderson knew was not possible until November 18—and that they would not pay her until 24 Seven received such a letter; or she could resign and take the Termination Agreement (the "Termination Agreement"), which consisted of two (2) weeks worth of pay and the promise that 24 Seven would approve her unemployment insurance benefits.

22.    Ms. Shapir and Ms. Anderson told Ms. Burgos that if she did not take either option, she would be terminated immediately and 24 Seven would contest her unemployment insurance benefits.

23.    In reality, Defendant did not want a pregnant woman working for them. For example, Ms. Shapir told Ms. Burgos, "you just came back from maternity leave four months ago and now you will be out again soon."[1]

24.    On or about October 21, 2014, Ms. Shapir and Ms. Anderson emailed to Ms. Burgos the Termination Agreement and told her that she needed to "hurry" and sign it or they would not be able to process her last payroll check.

---

[1] On or about February 11, 2014, Ms. Burgos went on maternity leave, and on or about June 2, 2014, Ms. Burgos returned to work.

25.     Defendant's demand put Ms. Burgos under hardship and gave her anxiety about how she was going to support herself and her family; under pressure, Ms. Burgos was forced to say she would accept the Termination Agreement.

26.     Defendant wrongfully terminated Ms. Burgos' employment because she became pregnant.   In doing so, Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her sex and pregnancy.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violation of the Title VII for Discrimination Based on Pregnancy

27.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 26 with the same force as though separately alleged herein.

28.     Title VII prohibits an employer from discriminating against any individual with respect to the individual's terms, conditions, or privileges of employment because of such individual's sex.

29.     The PDA amended Title VII to include discrimination on the basis of "pregnancy, childbirth, or related medical conditions."

30.     Defendant violated Title VII by wrongfully terminating Plaintiff because of her pregnancy.

31.     Defendant's conduct was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless disregard of Plaintiff's protected civil rights.

32.     As a direct and proximate consequence of Defendant's willful discrimination against Plaintiff on the basis of her pregnancy, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to, loss of past and future salary, and

non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

33.     Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Violation of the NYCHRL for Unlawful Termination Because of Pregnancy

34.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 33 with the same force as though separately alleged herein.

35.     NYCHRL § 8-107 prohibits an employer from discriminating against an employee because of her gender.

36.     Defendant violated NYCHRL § 8-107 by terminating Plaintiff's employment because of her pregnancy.

37.     As a direct and proximate consequence of Defendant's willful, egregious, and unlawful action, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to, loss of past and future salary, and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

38.     Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

**Request for Relief**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.     for the first claim, actual damages to be determined at trial, but in no event less than $500,000;

B.     for the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C.     an award of compensatory, assumed, and punitive damages;

D.     pre-judgment and post-judgment interest;

E.     attorneys' fees and costs; and

F.     such other and further relief as the Court deems just and proper.

Dated:     New York, New York
February 24, 2015

By:     *Walker G. Harman, Jr.*

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com