

Michael S. Katzen | Associate
Direct 609.986.1319 | mkatzen@goldbergsegalla.com

April 2, 2015

**VIA ECF**
The Honorable John G. Koeltl
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    **Jennifer Burgos v. 24 Seven, Inc.**
               **Civil Case No. 1:15-cv-01342 (JGK)**
               **Request for Pre-Motion Conference**

Your Honor:

We submit this letter in support of Defendant 24 Seven Inc. ("24 Seven")'s request for a pre-motion conference with the Court and an extension of time to answer or move in response to the Complaint. The anticipated motion seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, summary judgment for 24 Seven as a matter of law, pursuant to Fed. R. Civ. P. 56.

Plaintiff filed the Complaint on February 24, 2015, alleging 24 Seven wrongfully terminated her on the basis of pregnancy in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978, and Section 8-107 of the New York City Administrative Code ("New York City Human Rights Law" or "NYCHRL"). While the parties disagree on the circumstances surrounding Plaintiff's termination from 24 Seven, it is undisputed that Plaintiff executed a Termination Agreement ("the Agreement") following the termination of her employment from 24 Seven for which she received payment she was not otherwise entitled to receive. *See* paragraphs 21, 22 and 24-25 of the Complaint. The

Agreement, which 24 Seven would provide in connection with its motion, releases 24 Seven from "all claims arising out of or in any way related to Employee's employment with [24 Seven] or the termination of that employment," including but not limited to claims brought under Title VII and NYCHRL.

Under New York law, an individual may settle or waive claims of discrimination in violation of Title VII so long as the waiver is made "knowingly and voluntarily." *Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan*, 935 F.2d 1360, 1365 (2d Cir. 1991). In determining whether a discrimination waiver is "knowing and voluntary," the Second Circuit applies a "totality of the circumstances" inquiry, taking into account the following relevant factors: (1) the plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of the plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney; (6) whether the consideration given in exchange for the waiver exceeds any benefits to which the employee was already entitled by contract or law; (7) whether an employer encouraged or discouraged the employee to consult with an attorney; and (8) whether the employee had a fair opportunity to consult with an attorney. *Laramee v. The Jewish Guild for the Blind*, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1990) (citing *Bormann v. AT&T Communications, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989)).[1]

---

[1] The enforceability of the Agreement as to Plaintiff's NYCHRL claim is governed by ordinary contract law principles. *See Cordoba v. Beau Deitl & Assocs.*, 2003 U.S. Dist. LEXIS 22033, *19-20 (S.D.N.Y. Dec. 2, 2003) (citing *Bank of Am. Nat'l Trust and Sav. Ass'n v. Gillaizeau*, 766 F.2d 709, 715 (2d Cir. 1985) (applying New York law)). "Under New York contract law, a valid release that is clear and unambiguous on its face, even one relinquishing a discrimination claim, is enforceable so long as the release has been knowingly and voluntarily entered into." *Id.* at *20-21 (citing *Zveiter v. Brazilian Nat'l Superintendency of Merchant Marine*, 833 F. Supp. 1089, 1096 (S.D.N.Y.), opinion supplemented, 841 F. Supp. 111 (S.D.N.Y. 1993)). Further, "[i]t is well settled that the totality-of-the-circumstances standard [under which a waiver of Title VII claims is analyzed] is stricter than ordinary contract law principles for determining whether a release is knowing and voluntary." *Id.* at *20.

Based upon certain undisputed facts and assuming the truth of the allegations in the Complaint, 24 Seven contends that a majority of these factors weigh in favor of 24 Seven and upholding the validity of the release. For example, it is undisputed that Ms. Burgos has significant business experience as a fashion designer and owner of her own clothing line titled JBurgos (www.facebook.com/pages/Jburgos/536666926351308), which she promotes at fashion shows and in interviews with the media.

Additionally, despite being provided 21 days to consider and review the Agreement (and being "encouraged to avail…herself of this period of time" in Paragraph 6(d) of the Agreement), Ms. Burgos asked how quickly she could be paid and chose to sign the Agreement before the expiration of the 21-day period. Ms. Burgos' desire to receive her severance as soon as possible is reflected in an October 30, 2014 e-mail exchange between she and Ms. Anderson in which Ms. Burgos, after being advised that she would receive her severance payment on October 31, responded by asking "[i]s there anyway it can be sent out today?" Further, even assuming the truth of Plaintiff's allegation in paragraph 24 of the Complaint that 24 Seven told her that she needed to "hurry" and sign the Agreement, that in and of itself does not mean she was not provided adequate time to consider the agreement before signing it. *See Mandavia v. Columbia Univ.*, 912 F.Supp. 2d 119, 130 (S.D.N.Y. 2012) (finding "even a few hours will suffice" to satisfy this factor of the totality-of-circumstances test). Plaintiff then had an additional seven (7) days, per the plain language of Paragraph 6(d) of the Agreement, to revoke her acceptance, which she undisputedly did not do.

---

Accordingly, because Defendants contend the Agreement constituted a valid waiver of Plaintiff's claims under the totality-of-circumstances standard applicable to Title VII claims, the Agreement should likewise constitute a valid waiver of Plaintiff's right to sue under NYCHRL.

Further, the release clearly states that Ms. Burgos waives "all claims arising out of or in any way related to Employee's employment with the Corporation or the termination of that employment," including but not limited to "all federal, state and local statutory claims, including without limitation claims for discrimination, harassment, retaliation…under the Title VII of the Civil Rights Act of 1964…the New York Human Rights Law and similar laws…" Ms. Burgos also acknowledged in Paragraph 6(b) of the Agreement that she "has been encouraged to consult with…her lawyer prior to signing this Agreement."

These factors should lead to a conclusion that Plaintiff "knowingly and voluntarily" waived any claims she may have had against 24 Seven, including those under Title VII and NYCHRL. However, even assuming her waiver was not "knowing and voluntary," Plaintiff actually cashed her severance check for $1,483.60 "in full accord and satisfaction of any obligations, claims, and/or disputes" that she may have had with 24 Seven, per Paragraph 5(e) of the Agreement. She therefore ratified the release by failing to return the severance payment she received. *See Rivera v. Soverign Bank*, 976 F.Supp. 2d 270 (S.D.N.Y. 2013) ("If the contract was voidable because it was not made knowingly and voluntarily…then Plaintiff has ratified the release by failing to return the consideration she received.")

Finally, even assuming the truth of Plaintiff's allegation in paragraph 25 of the Agreement that 24 Seven's alleged demand put her "under hardship and gave her anxiety about how she was going to support herself and her family," the pressure of one's own financial circumstances is insufficient to establish economic duress. *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 142 (2d Cir. 2011)("[A] mere demonstration of financial pressure or unequal bargaining power will not, by itself, establish economic duress.") For these

reasons, 24 Seven seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, summary judgment for 24 Seven as a matter of law, pursuant to Fed. R. Civ. P. 56.

Since the deadline for Defendant to answer, move or otherwise respond to the Complaint is Monday, April 6, 2015, and in light of the upcoming holiday, 24 Seven respectfully requests a two (2)-week extension of time until April 20, 2015 to respond to the Complaint. Plaintiff consents to this request, which is 24 Seven's first request for an extension of time to answer, move or otherwise respond to the Complaint.

Respectfully submitted,

*/s/ Michael S. Katzen*
Michael S. Katzen

MSK/mdr
cc: Caroline J. Berdzik, Esq. (via ECF)
Walker Green Harman, Jr., Esq. (via ECF)